Henderson, Chief-Justice.
 

 — Proof of the devise to
 
 Isaac
 
 is indispensable, to support this bill. If the fact be, as charged in the bill, that the condition of the bond was to make title to the father, most certainly he who claims as his devisee, must show a devise. If it be, as insisted on in the answer, that the condition was to make iiile to
 
 Isaac,
 
 the circumstances attending its execution prove most clearly, that such condition was introduced as ancillary to the will. So far therefore the condition was testamentary, and fell to the ground, either by revocation of the will, or if the will was riot executed to pass real estate, or by any other cause which render» od the will inoperative. But the weight of evidence is in favor of the case made in the bill. Neither the will, nor a copy is offered in
 
 evidence;
 
 but the answer ad=
 
 *462
 
 mits a devise to
 
 Isaac
 
 of the home plantation, but denies that the lauds in question are embraced by that deserip- . , , . 1 ., . . Won, and there is no evidence to prove that they are» rpjie deposition of one witness, taken evidently to another point, renders it somewhat probable that they are a part of, or adjoin the home plantation. But it by no means proves it satisfactorily. The depositions of the other witnesses state, that by the will the lands were devised to
 
 Isaac.
 
 This is giving parol evidence of the contents of a paper without proving its loss, or that it ¡ beyond the reach of the party offering it. And besides, they do not state the words ojr substance of the devise.— The bill must therefore be dismissed, for want of proof of the fact of the devise.
 

 The hill is objectionable for want of parties, the heirs of the father; as they are interested in contesting the devise. For if not devised, the lands descend to all the heirs. .The bill is silent, who are the heirs, and therefore does not make a case proper for a decree. But the answer states expressly, that there, are two other heirs, not before the Court. If the case made had been supported by the evidence, this defect might have been aided by an amendment. But we cannot get over the defect in the proof.
 

 Per Curiam.
 

 — Let the bill be dismissed with costs.hut without prejudice.